IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TORRY DAVID GONZALES,<br>　　　　Plaintiff,<br><br>　　v.<br><br>MAJOR SMITH, et al.,<br>　　　　Defendants. | C.A. No. 09-228 Erie<br><br>District Judge McLaughlin<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.　RECOMMENDATION**

It is respectfully recommended that Defendants' motion for judgment on the pleadings [ECF No. 14] be granted.

**II.　REPORT**

　**A.　Relevant Procedural History**

Plaintiff Torry David Gonzales, a prisoner formerly incarcerated at the Venango County Prison in Franklin, Pennsylvania ("VCP"),[1] brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Major Smith, Warden at VCP ("Smith"), and Jeff Ruditis ("Ruditis") and Foster Lyles ("Lyles"), corrections officers at VCP..

In his *pro se* complaint [ECF No. 3], Plaintiff alleges that Defendants violated his constitutional right to access the courts[2] by denying him access to the prison law library on June 11, 2009, and by maintaining a "frivolous library that contains very little books" and "a

---

[1] Plaintiff is presently incarcerated at the State Correctional Institution at Waynesburg, Pennsylvania.

[2] Plaintiff claims that Defendants' alleged actions violated his rights under the First, Fifth and Fourteenth Amendments; however, Plaintiff's claim is more appropriately construed solely as a Fourteenth Amendment denial of access to courts claim.

1

computer which [on June 11, 2009] wasn't operating or in use." As relief for his claims, Plaintiff seeks declaratory and injunctive relief, and compensatory and punitive damages.

After filing an Answer to Plaintiff's Complaint [ECF No. 9], Defendants filed a motion for judgment on the pleadings [ECF No. 14] on March 9, 2010, arguing that Plaintiff has failed to state a claim upon which relief may be granted. On March 25, 2010, Plaintiff filed a response to Defendants' motion, which included a motion for leave to file an amended complaint. [ECF No. 16]. By text order dated June 1, 2010, this Court dismissed Plaintiff's motion to amend complaint, without prejudice to his right to re-file such motion with the proposed amendment attached as an exhibit for the Court's review and consideration. Since that time, Plaintiff has failed to re-file his motion to amend complaint with an attached proposed amendment. As a result, Defendants' motion for judgment on the pleadings is now ripe for consideration.

### B. Relevant Factual History

The totality of Plaintiff's factual allegations are set forth as follows, verbatim:

> 8. On 6/11/2009, [Plaintiff] was denied access to the venango county prison law library's materials. The prison included in this complaint has a frivolous library that contains of very little books which include PRISONERS AND THE LAW, BLACK LAW DICTIONARY, TWO PENNSYLVANIA PRACTICE, PENNSYLVANIA FEDERAL RULES OF COURT, COMPLETE MANUALS FORMS, TWO POST CONVICTION REMEDY, FUNDEMENTAL RESEARCH, SENTENCING and CORRECTION, LAW OF PROBATION AND PAROLE, CRIMINAL JUSTICE, INTRODUCTION TO LAW OF UNITED STATES, LOCAL DOMESTIC RELATIONS, FAMILY LAW.
>
> Books required to be available in a law library are RELEVANT STATE AND FEDERAL STATUTES, STATE AND FEDERAL LAW REPORTERS FROM THE PAST FEW DECADES, SHEPARDS CITATIONS, BASIC TREATISES ON HABEAS CORPUS, PRISONERS CIVIL RIGHTS AND CRIMINAL LAW.
>
> It also has a computer which at the time and date mentioned above wasn't operating or in use. This prevented plaintiff from filing, researching, communicate with the courts.
>
> 9. Federal courts have required that prison library's provide tables, chairs, be of adequate size and be open for inmates to use for a reasonable amount of time And comply with bounds.

> Plaintiff doesn't know how to use a computer. But if plaintiff did
> and the computer doesn't work/operate then it wouldn't matter if
> plaintiff did or didn't know how too. But being that plaintiff
> knows how to read and write the english language exceptionally
> well. The books required to be in a law library weren't available
> to use thus preventing plaintiff from filing, researching,
> communicate with the courts.

### C. Standards of Review

#### 1. Motion for Judgment on the Pleadings

The standard of review for a motion for judgment on the pleadings is identical to that of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). A motion to dismiss filed pursuant to Rule 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008

3

WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

Recently, the Third Circuit expounded on the *Twombly/Iqbal/Phillips* line of cases:

> To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."
>
> * * *
>
> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" This "plausibility" requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)(emphasis added)(citations omitted).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and

4

should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

While inmates have the right to adequate, effective, and meaningful access to the courts, Bounds v. Smith, 430 U.S. 817, 828 (1977), the United States Supreme Court restricted who may bring an access to courts claim in Lewis v. Casey, 518 U.S. 343, 355 (1996).[3] The Lewis Court held that, in order to state a claim for a denial of the right of access to the courts, a plaintiff must show actual injury. Id. The plaintiff must show that, as a result of the defendant's actions, he lost the ability to present an "arguably actionable claim" against the validity of his sentence under direct or collateral appeal or a claim challenging his conditions of confinement in a civil rights action. Id. at 356. The Third Circuit has further described the *Lewis* holding:

> to be able to bring a viable claim, the plaintiff inmates ha[ve] to show direct injury to their access to the courts. The Court explained that an inmate could show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or [he could show] that he had suffered arguably actionable harm that he wanted to bring before the courts, but was so stymied by the inadequacies ... that he was unable even to file a

---

[3]

The Lewis Court opined:
> ...*Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Id. at 355.

5

complaint.

Reynolds v. Wagner, 128 F.3d 166, 183 (3d Cir. 1997).

So, under *Lewis*, this Court must determine whether Plaintiff has shown that he lost the ability to present an "arguably actionable claim." Here, Plaintiff has made the vague assertion that he was "prevented from filing, researching, communicate with the courts." However, these allegations fail to demonstrate that Plaintiff lost the ability to pursue an "arguably actionable claim" challenging either the validity of his sentence or conditions of confinement due to Defendants' alleged actions. Accordingly, Plaintiff's access to courts claim should be dismissed.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion for judgment on the pleadings [ECF No. 14] should be granted.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: October 8, 2010

cc:   The Honorable Sean J. McLaughlin
      United States District Judge